CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 2 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PAUL W. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>HOLZ-HER, U.S., INC. ET AL,<br><br>Defendant. | CIVIL NO. 6:04cv00068<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Strike filed on September 27, 2007 (docket entry no. 46). Defendants Holz-Her U.S., Inc. and Reich Spezialmaschinen GMBH request the Court to strike the August 27, 2007 supplemental expert report of Roger Link and to exclude all testimony and evidence relating to testing performed by Mr. Link after his May 8, 2007 expert report. For the following reasons, this motion is hereby DENIED.

## I. BACKGROUND

This case arises from the injuries sustained by Paul Scott in while using a table saw manufactured by the Defendants. Scott alleges he was injured as a result of a defective blade safety cover. At the heart of the dispute before the Court is a proposed alternate design for the blade cover recommended by the Plaintiff's expert, Roger Link.

The Court entered the parties' Stipulation Regarding Discovery and Case Management Order (the "Order") on March 28, 2007 which set the deadline for Plaintiff's disclosure of expert reports as June 30, 2007. The Order set the Defendants' expert report deadline at July 31, 2007, and all expert discovery was to be completed by the parties by August 31, 2007. On June 28,

- 1 -

2007, Plaintiff submitted the expert reports of Charles C. Crim and Roger W. Link. Both Mr. Crim and Mr. Link proposed alternative designs for the table saw in their expert reports, which were timely filed. However, Mr. Link performed testing on the subject table saw after the June 30 deadline. This additional testing was discussed at Mr. Link's depositions on August 23 and 24, 2007 and was included in a supplemental expert report filed August 27, 2007.

## II. DISCUSSION

Defendants' argue that pursuant to Rules 16(f) and 37(c) Mr. Link's supplemental report should be stricken and any testimony or evidence arising from the tests conducted after the June 30 deadline be excluded for failure to comply with the Scheduling Order.

Federal Rules of Civil Procedure 16(f) and 37(c) prescribe sanctions for violation of a court ordered discovery plan. However, only Rule 16 is apposite at this stage of the proceeding. As another court in the Fourth Circuit has observed:

> [w]hen a dispute arises concerning violation of expert disclosure obligations pursuant to a court approved discovery plan, the Court should first look to Rule 16(f) for determining both compliance and sanctions as opposed to Rule 37(c). Rule 16(f) specifically speaks to noncompliance with a scheduling or pretrial order. Rule 37(c), on the other hand, is self-executing and will likely come into play later in the court proceedings, often at or near trial. It serves the situation where there is no discovery plan and the timing of the parties' disclosures is controlled only by the Federal Rules of Civil Procedure.

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002).[1]

A violation of Rule 16(f) is evaluated according to a variation of the *Rambus* test. *See Rambus, Inc. v. Infineon Technologies AG*, 145 F.Supp.2d 721 (E.D.Va. 2001); *see also Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Circ. 2003) (adopting the *Rambus* test). However, Rule 16 does not apply if the expert's report is a

---

[1] Practically, it makes little difference which is the applicable Rule because the test for both rules is substantially the same.

-2-

supplemental report within the terms of Rule 26(e)(1). Rule 26(e)(1) creates an affirmative duty to supplement an expert report if a party learns that "the information contained in the disclosure is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). According to the terms of Rule 26(e)(1), supplemental reports must be filed "by the time the party's disclosure under Rule 26(a)(3) are due." *Id.* The discovery plan agreed upon by the parties sets no deadlines for the filing of supplemental expert reports. In such circumstances, "it is presumed the parties agreed or the Court intended that the time would be as supplied by the Rules." *Luma Corp. v. Stryker Corp.*, 226 F.R.D. 536 (S.D.W.Va. 2005). Rule 26(a)(3) disclosures are due 30 days prior to trial. Therefore, if Mr. Link's August 27 report is a valid supplemental report it was timely filed, because Rule 26(e)(1) would set the filing deadline at December 21, 2007.

In any event, I need not decide if Mr. Link's August 27 report is a supplemental report under the terms of Rule 26(e)(1), because it would still pass muster under Rule 16(f). The court in *Rambus* stated:

> The factors to be considered under [Rule 16(f)] are substantially the same as those considered under Rule 37(c): (1) the reason for failing to name the witness [or failing to complete expert witness reports]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Rambus*, 145 F.Supp.2d at 721.

Plaintiff argues he did not expect the Defendants' experts to opine that the proposed alternate design would impair the operation of the saw. I find it difficult to credit this statement. It does not require great powers of foresight to guess that the defendant in a product liability case will contest the feasibility of an alternate design. In addition, Plaintiff's argument that he did not receive Defendants' expert reports until the end of July is unavailing because Plaintiff could have suggested a different deadline when he stipulated to the discovery plan. Thus, the first factor

weighs against the defendant.

The final three factors go to the potential harm to the defendant of allowing in the supplemental report and related deposition testimony, and the harm to the plaintiff of keeping it out. The harm to the Plaintiff would be significant if the evidence were excluded. The feasibility of Plaintiff's alternate design will likely be a central issue at trial, and Mr. Link's testing of the alternate design will therefore be of great value to a fact finder. Conversely, the potential harm to the Defendants is slight. Most reported cases within this Circuit discussing Rule 16(f) sanctions have concerned new opinions expressed by a previously disclosed expert. *See, e.g. Luma*, 226 F.R.D. 536; *Rambus*, 145 F.Supp.2d 721; *Tucker v. Ohtsu Tire & Rubber Co., LTD., et al.*, 49 F.Supp.2d 456 (D.Md. 1999). Mr. Link has not offered a new opinion, he has provided further evidence to support an opinion already expressed in his prior reports. The surprise suffered by the Defendants is thus slight. Defendants were already on notice that Plaintiff would argue his design would not impair the function of the saw.

The potential harm to the Defendants is also mitigated by the length of time before trial. Although Mr. Link's supplemental report was filed only one day before the end of expert depositions, the trial date was almost four months away.[2] Ideally, the supplemental report would have been filed earlier to allow Defendant's time to take more depositions. However, if Defendants needed further depositions they could have sought leave of the Court. In this case, a continuance could have been easily and freely given. The next substantial deadline was not until September 30, 2007 when motions for summary judgment were due.

-4-

## III. CONCLUSION

After weighing the factors specified by *Rambus*, I reach the conclusion that Defendants' motion must be denied. Although Plaintiff should have foreseen testing of the alternate design would be necessary, the lack of surprise and slight potential for prejudice to the Defendants mitigate and harm that may have been suffered. In such circumstances, sanctions against the Plaintiff are inappropriate. For the foregoing reasons, Defendants' Motion is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _/s/_
United States District Judge

October 26, 2007
Date

---

[2] Furthermore, the existence of Mr. Link's further testing came out at the August 23 deposition.